UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Leander Garrett, <br><br>     Plaintiff, <br><br> v. <br><br> American Express National Bank; Experian Information Solutions, Inc.; and TransUnion, LLC, <br><br>     Defendants, | Case No.: |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Massachusetts.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, American Express National Bank, (hereinafter "American Express") is a corporation operating under the laws of the State of Massachusetts and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, American Express was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Massachusetts.

7. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Massachusetts.

8. Defendant Experian and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Massachusetts.

9. Experian and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

10. Experian and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Experian and Transunion were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

12. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Massachusetts and Defendants do business in Massachusetts.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Massachusetts, Defendants have the necessary minimum contacts with the state of Massachusetts, and this suit arises out of specific conduct with Plaintiff in Massachusetts.

**FACTUAL ALLEGATIONS**

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants American Express, Experian, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. Experian and Transunion are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Experian and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19. In May 2024, Plaintiff discovered four American Express accounts, with balances past due of $19,201.00, $12,482.00, $97,627.00, and $24,826.00 (the "Accounts") being reported in error – specifically the Accounts are unknown to Plaintiff and believed to be the product of fraud.

20. Plaintiff filed a Federal Trade Commission Identity Theft Report and listed the Accounts as the possible product of fraud.

21. Plaintiff filed a report with the Stoughton Police Department describing his allegations of identity theft and the fraudulent Accounts reported by American Express.

22. The reporting of the Accounts, with balances past due, overstate and misrepresent the amount of outstanding debt in Plaintiff's name and the number of negative accounts on Plaintiff's consumer reports.

23. The false and misleading information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

24. In June 2025 Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Experian consumer report.

25. In June 2025 Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Transunion consumer report.

26. Despite the clarity and detail provided in the Experian Dispute and Transunion Dispute (together, the "Written Disputes"), the Accounts continues to appear on Plaintiff's Experian and or Transunion consumer report with inaccurate and misleading information.

27. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant American Express.

28. Upon information and belief, Transunion forwarded Plaintiff's Transunion Dispute to Defendant American Express.

29. Upon information and belief, American Express received notification of Plaintiff's Written Disputes from Experian and Transunion.

30. American Express did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Accounts information with respect to the disputed information and the accuracy of the Accounts.

31. Experian and Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

32. Upon information and belief, American Express failed to instruct Experian and Transunion to remove the false and misleading information regarding the Accounts reporting on Plaintiff's consumer report.

33. Experian and Transunion each employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Accounts identified in Plaintiff's Written Disputes.

34. At no point after receiving the Written Disputes did American Express, and/or Experian and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

35. Experian and Transunion relied on its own judgment and the information provided to them by American Express rather than grant credence to the information provided by Plaintiff.

36. Experian and Transunion published the false and misleading information regarding the Accounts to third parties.

<u>COUNT I – EXPERIAN AND TRANSUNION</u>

<u>FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)</u>

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Written Disputes, Experian and Transunion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

39. Experian and Transunion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Experian and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. Experian and Transunion's conduct, action, and inaction was willful, rendering Experian and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, Experian and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Experian and Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EXPERIAN AND TRANSUNION

#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Written Disputes, Experian and Transunion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

46. Experian and Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Experian and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. Experian and Transunion's conduct, action, and inaction was willful, rendering Experian and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Experian and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – AMERICAN EXPRESS

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

51. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

52. After receiving the Disputes from Experian and Transunion, American Express failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer report.

53. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant American Express's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant American Express's representations to consumer credit reporting agencies, among other unlawful conduct.

54. As a result of this conduct, action, and inaction of Defendant American Express, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant American Express's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant American Express was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Defendant American Express pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   July 31, 2025          Leander Garrett

/s/Leslie Feldman-Rumpler
Leslie Feldman-Rumpler
Attorney at Law
4 Cypress Street, Suite 7
Brookline, MA 02445
(617) 728-9944
leslie@feldmanrumplerlaw.com

Local counsel for
McCarthy Law, PLC
9200 E. Pima Center Pkwy Ste 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
litigation@mccarthylawyer.com

Attorney for Plaintiff